UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re
JOHN DRYDEN BEAVER
d/b/a/ JOHN BEAVER CONSTRUCTION and
SUSAN JAYNE BEAVER,
     Debtors.                                    No. 7-10-11028 S

TED GROVE,
     Plaintiff.

v.                                                                     Adv. No. 10-1050 S

JOHN DRYDEN BEAVER, individually
and d/b/a/ JOHN BEAVER CONSTRUCTION,
     Defendant.

**MEMORANDUM OPINION ON
<u>PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**

     This matter is before the Court on Plaintiff's Motion for Summary Judgment with supporting affidavit of Peter V. Culbert (Plaintiff's state court attorney) (doc 9) and Defendant's Response with supporting affidavit of Defendant (doc 10). This is a core proceeding to determine dischargeability of a debt. 28 U.S.C. § 157(b)(2)(I).

     This adversary proceeding is Plaintiff's attempt to have a state court judgment declared nondischargeable in Defendant's Chapter 7 case. Therefore, the Court must first determine the collateral estoppel impact of that judgment. <u>Grogan v. Garner</u>, 498 U.S. 279, 284 n. 11 (1991)("We now clarify that collateral estoppel principles do indeed apply in discharge exception proceedings pursuant to § 523(a).")

**DISCUSSION**

1.   "The Full Faith and Credit Act, 28 U.S.C. § 1738 (1982), requires a federal court to give the same preclusive effect to a state-court judgment that the judgment would be given in the courts of the state in which the judgment was rendered." <u>Jarrett v. Gramling</u>, 841 F.2d 354, 356 (10th Cir. 1988)(citing <u>Kremer v. Chemical Construction Corp.</u>, 456 U.S. 461 (1982).  Therefore, the Court turns to New Mexico law.

2.   In <u>Hyden v. Law Firm of McCormick, Forbes, Caraway & Tabor</u>, 115 N.M. 159, 164, 848 P.2d 1086, 1091 (Ct. App.), <u>cert. denied</u>, 115 N.M. 60, 846 P.2d 1069 (1993) the New Mexico Court of Appeals set out the elements a party must show to invoke collateral estoppel:

> To invoke collateral estoppel, then, the moving party must show that (1) the subject matter or causes of action in the two suits are different; (2) the ultimate fact or issue was actually litigated; (3) the ultimate fact or issue was necessarily determined; and (4) the party to be bound by collateral estoppel had a full and fair opportunity to litigate the issue in the prior suit.  <u>Reeves v. Wimberly</u>, 107 N.M. 231, 233, 755 P.2d 75, 77 (Ct. App. 1988).

3.   In New Mexico, default judgments do not have preclusive effect.  <u>Blea v. Sandoval</u>, 107 N.M. 554, 558, 761 P.2d 432, 436 (Ct. App.), <u>cert. denied</u>, 107 N.M. 413, 759 P.2d 200 (1988) ("In New Mexico, we recognize that default judgments do not have collateral estoppel effect in future litigation, although they may have res judicata effect.")

-2-

Case 10-01050-s    Doc 16    Filed 10/05/10    Entered 10/05/10 10:39:19 Page 2 of 4

4.  The judgment entered in the state case was a default judgment. See Complaint, doc 1, Exh. A ¶ 35 ("In this case liability was established by a Default Judgment as to Liability entered by the Court on June 18, 2008.") Therefore, under <u>Blea</u>, Plaintiff cannot claim that this judgment collaterally estops Defendant from contesting liability in this adversary proceeding.

5.  Plaintiff argues that although there was a default as to liability, this defect was cured by the two day trial on damages at which Defendant was represented by an attorney and the evidence demonstrated misrepresentations, intent, bad faith, etc. The Court has three responses. First, Plaintiff cites no law to this effect. Second, it is not supported by the record. The Culbert affidavit makes only a vague reference to this, but not in a way that this Court could make any specific findings on the issue. Finally, the fact remains that it was still a default judgment and is not preclusive. The rules anticipate a damages trial after default in some situations. See NMRA Rule 1-055(B):

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties entitled thereto.

(Dealing with entry of judgment after default judgment.) This rule does not suggest that if the Court has a damages trial it

Case 10-01050-s    Doc 16    Filed 10/05/10    Entered 10/05/10 10:39:19 Page 3 of 4

somehow converts the liability judgment into one on the merits that would serve as the basis for estoppel.

6. In his brief, Defendant also argues that many of the findings of the state court simply do not meet the required elements of the causes of action pled in the adversary. For example: the state court made no finding of willfulness as required for section 523(a)(6); many findings stated that Defendant either "tortiously[1]" or "intentionally" or "fraudulently" made representations. He also attacks the Culbert affidavit's statement regarding his state of mind, challenging its foundation. Because the Court finds that collateral estoppel does not apply in this case, it need not address or comment on these other arguments.

The Court will enter an Order denying Plaintiff's Motion for Summary Judgment. The Court will also set a pretrial conference.

/s/ James S. Starzynski

Honorable James S. Starzynski
United States Bankruptcy Judge

Date Entered on Docket: October 5, 2010

Copies to:

John E Farrow
PO Box 35400
Albuquerque, NM 87176-5400

Michael K Daniels
PO Box 1640
Albuquerque, NM 87103-1640

---

[1] Negligence is a tort that is discharged despite section 523(a).

-4-